IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMIE FLORES, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Cause No. 4:14-cv-02048 |
| | § | |
| DRILL STRING SERVICES, INC., | § | |
| | § | |
| | § | **A Jury is Demanded** |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Jamie Flores, plaintiff, brings this action under the Fair Labor Standards Act of 1938 (FLSA), 52 Stat. 1060, as amended, 29 U.S.C. §201 *et seq* (1994 ed. And Supp. III)("FLSA"). This is an individual action to recover unpaid overtime compensation, liquidated damages, and attorney's fees and costs owed to Plaintiff by Defendant.

### PARTIES

1.  Plaintiff, Jamie Flores, was an "employee" of Defendant, as that term is defined by the FLSA. During his employment with the Defendant, the Plaintiff was, individual, directly engaged in interstate commerce, and his work was essential to Defendant's business. Plaintiff resides in Brazoria County, Texas.

2.  Defendant, Drill String Services, Inc. is a foreign corporation which is a full-service drill pipe inspection and repair company operating in Brazoria County,

1

Texas. Drill String Services, Inc., is formed and existing under the laws of the State of Louisiana and maintains and operates a business in Brazoria County, Texas. Defendant employed Plaintiff as a pipe inspector and EMI operator. With respect to Plaintiff, Defendant is subject to the provisions of the FLSA, as it was at all relevant times engaged in interstate commerce or was part of an enterprise engaged in interstate commerce as defined by 29 U.S.C. §§203(r) and (s). The work of Defendant involves the actual movement of commerce and uses the interstate highways at various times to tow vehicles. Defendant accesses and uses materials manufactured and sold through interstate commerce.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under the FLSA. Jurisdiction is conferred via 28 U.S.C. §1337 and 29 U.S.C. §216(b). At all times pertinent to this Complaint, Defendant Drill String Services, Inc. was an enterprise engaged in interstate commerce, operating on the interstate highways, using instrumentalities such as materials and pipes manufactured in commerce, and conducting transactions through commerce, including the use of credit cards, cell phones, and electronic mail. At all times pertinent to this Complaint, Drill String Services, Inc., regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s). Additionally, Plaintiff was individually engaged in commerce and his work was

essential to Defendant's business. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendant and Plaintiff transacted business within this judicial district and the events underlying this complaint occurred within this judicial district.

### FACTS SUPPORTING RELIEF

4. Defendant employed Plaintiff from 2006 through December of 2013.

5. Plaintiff was paid a salary and a 3% commission on pipes finished.

6. Defendant engages in the business of drill pipe inspection and repair offering a full suite of pipe inspection, hardbanding and computer numerical control machining services, including rotary shoulder connection repair and bottomhole assembly manufacturing.

7. Defendant directed Plaintiff to various locations to work in the business of pipe inspection and electromagnetic inspection ("EMI"). Plaintiff conducted inspections including wall-loss measurement, wet and dry magnetic particle inspection, hardness and pressure testing. Plaintiff also conducted A-SCAN full body inspections and provided refacing, straightening, and ID and OD cleaning services.

8. Plaintiff utilized the interstate highways at times to travel to various locations to work and was required, at times, to pick up other members of his crew.

9. Defendant uses the Internet and various electronic mail to conduct business.

10. Plaintiff answered phone calls in relation to the conduct of his work and communicated at times via electronic mail using the Internet.

11. Plaintiff was scheduled to work from worked approximately 70 hours per week, but there were times when Plaintiff exceeded that amount.

12. Plaintiff was scheduled to work from 6 a.m. to 8 p.m. 5 days per week, but there were times that Plaintiff worked beyond or earlier than that schedule.

13. During some or all of the workweeks of his tenure with the Defendant, the Plaintiff worked in excess of 40 hours per week.

14. Plaintiff does not generally have access to Defendant's records and will provide additional detail after Defendant has provided records or initial disclosures have been made, if necessary. Plaintiff was required to keep records of the time that he spent and submitted those records to his supervisor.

15. During the weeks of employment where Plaintiff worked more than 40 hours, Defendant failed to pay Plaintiff the overtime premium required by the FLSA. Plaintiff was not paid for all the hours that he worked.

16. At all times relevant to this case, the Defendant had knowledge of Plaintiff's regular and overtime work. Defendant approved Plaintiff's work and hours. Plaintiff's work benefitted Defendant.

17. Plaintiff was not paid on a salary or fee basis, and did not ever serve in the capacity of an executive, administrator, professional or outside sales

representative, as those terms are understood pursuant to 29 C.F.R. §541. Plaintiff was not exempt from the protection of the FLSA.

18. The Defendant did not make a good faith effort to comply with the overtime provisions contained within the FLSA.

19. Defendant's actions were willful and in blatant disregard for Plaintiff's federally protected rights.

20. Defendant is liable to Plaintiff under the FLSA for all unpaid wages and overtime compensation as well as for liquidated damages, attorney's fees, out of pocket expenses and costs of Court.

### CAUSE OF ACTION: VIOLATION OF THE FLSA OVERTIME PROVISIONS

21. Plaintiff incorporates all averments of fact into this Cause of Action for violation of the FLSA overtime provisions.

22. The Defendant willfully denied Plaintiff's right to overtime compensation under the FLSA.

23. The FLSA prohibits the denial of overtime compensation for hours worked in excess of forty (40) per workweek.

24. As a result of Defendant's unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid and which should have been paid.

25. Plaintiff further seeks liquidated damages as Defendant's conduct is in violation of Section 7 of the FLSA, 29 U.S.C. § 207.

26. Plaintiff also seeks compensation of recoverable expenses, costs of court, and reasonable and necessary attorney's fees pursuant to 29 U.S.C. §216(b).

27. Plaintiff has retained the law firm of Ross Law, P.C. to represent him in this suit. Plaintiff has entered into a valid contract with Ross Law, P.C. and has appointed that firm and the undersigned counsel to be his sole agent, attorney-in-fact, and representative in this suit, exclusive of all other parties, including Plaintiff. To avoid tortious interference with Plaintiff's obligations to his attorneys in this suit, all communications concerning this suit must be made by Defendant and Defendant's attorneys solely to and through the undersigned counsel. Plaintiff's contract with and representation by Ross Law, P.C. and the undersigned attorney gives rise to a claim for reasonable and necessary attorney's fees that Plaintiff is entitled to collect from Defendant pursuant to 29 U. S. C. § 216(b).

## **J**URY **D**EMAND

28. Plaintiff demands a trial by jury on all claims he has asserted in this Complaint.

## **PRAYER FOR RELIEF**

Jamie Flores, Plaintiff, prays that the Court assume jurisdiction of this cause and that Defendant be cited to appear.  Plaintiff prays that the Court award the following relief, under law and equity, as applicable:

1. Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

2. Judgment against Defendant for an amount equal to the minimum wage for every hour worked during the workweek;

3. Judgment against Defendant that its violation of the FLSA was willful;

4. Judgment against Defendant for an amount equal to the unpaid wage damages as liquidated damages;

5. If liquidated damages are not awarded, an award of pre-judgment interest;

6. Post-judgment interest at the applicable rate;

7. All costs, recoverable expenses and attorney's fees incurred in prosecuting these claims;

8. Leave to amend to add claims under applicable state laws, if necessary; and,

9. For such further relief as the Court deems just and equitable to which Plaintiff is entitled.

        Respectfully submitted,

        **ROSS LAW GROUP**
        /s/ Thomas H. Padgett, Jr.
        **THOMAS H. PADGETT, JR.**
        Texas Bar No. 15405420
        Fed. ID:  11554
        Attorney-in-Charge
        1104 San Antonio St.
        Austin, Texas 78701
        Ph:  800-634-8042
        Ph:  512-474-7677
        Fax: 512-4745306
        tpadgett@rosslawgroup.com

        **DANIEL B. ROSS**
        Texas Bar No. 00789810
        1104 San Antonio St.
        Austin, Texas 78701
        **ATTORNEYS FOR PLAINTIFF**